**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARYANN ROSE BROYLES, individually and as co-trustee of the Maryann Rose Broyles Revocable Trust, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> SPECIALIZED LOAN SERVICING, LLC and WELLS FARGO BANK, NA, as Trustee for Banc of America Alternative Loan Trust 2006-7 Mortgage Pass-Through Certificates, Series 2006-7, <br><br> Defendants-Appellees. | No. 14-16043 <br><br> D.C. No. 1:13-cv-00540-LEK-KSC <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

| | |
|---|---|
| GORDON KELIKIPI CHARLE MOORE, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> DEUTSCHE BANK NATIONAL TRUST | No. 14-16049 <br><br> D.C. No. 1:13-cv-00506-DKW-RLP |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

COMPANY, as Trustee for Ameriquest Securities, Inc., Assest Backed Pass-Through Certificates Series 2003-ARD; et al.,

Defendants-Appellees.

| | |
|---|---|
| ANTONY TOLEDO and ANNIE TOLEDO,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>BANK OF NEW YORK MELLON CORP., as trustee on behalf of the certificate holders of the SWHEQ Revolving Home Equity Loan Trust, Series 2006-H; et al.,<br><br>Defendants-Appellees. | No.   14-16056<br><br>D.C. No.<br>1:13-cv-00539-DKW-KSC |
| MICHAEL J. DIMITRION, individually and as Trustee of the Michael J. Dimitrion Trust dated November 6, 1989,<br><br>Plaintiff-Appellant,<br><br>and<br><br>TINA MARIE DIMITRION,<br><br>Plaintiff, | No.   14-16205<br><br>D.C. No.<br>1:13-cv-00125-DKW-BMK |

2

v.

MORGAN STANLEY HOME LOANS; et al.,

          Defendants-Appellees.

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Submitted October 13, 2017[**]
Honolulu, Hawaii

Before: SCHROEDER, D.W. NELSON, and McKEOWN, Circuit Judges.

Appellants each appeal from the district court's dismissals of their complaints for lack of subject matter jurisdiction.[1]  Our appellate jurisdiction rests on 28 U.S.C. § 1291, and we **AFFIRM.**  Defendant-Appellee Ocwen Loan Servicing, LLC's Motion to Supplement the Record and Request for Judicial Notice is **DENIED AS MOOT.**

Appellants invoke diversity jurisdiction, which requires that they establish the amount in controversy exceeds $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a).  "In actions seeking declaratory or injunctive relief, it is well

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1]These appeals have been consolidated for purposes of our disposition.

3

established that the amount in controversy is measured by the value of the *object of the litigation.*" *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977) (emphasis added) (citations omitted). Appellants claim the amount in controversy in these declaratory judgment actions is measured by the purchase price of the property; the amount of the mortgage loan secured by the property; or the fair market value of the property.

The claims at issue are not quiet title claims, and so the subject properties are not the objects of the litigation. *See Fed. Nat. Mortg. Ass'n v. Kamakau*, No. CIV. 11-00475 JMS, 2012 WL 622169, at *9 (D. Haw. Feb. 23, 2012) ("[I]n order to assert a claim for 'quiet title' against a mortgagee, a borrower must allege he has paid, or is able to tender, the amount of indebtedness."); *see also Klohs v. Wells Fargo Bank, N.A.*, 901 F. Supp. 2d 1253, 1261 n.4 (D. Haw. 2012) ("Plaintiffs' contention that they do not know to whom their debt is owed is not a basis to 'quiet title.'"). Appellants do not allege they have paid, or are able to tender, the amount of indebtedness. Nor do they allege they own their properties free and clear of any debt obligations. Appellants also do not allege that they are facing foreclosure or have received competing demands for payment on the same loan. Thus, the district court in each case correctly found the object of the litigation to be the value of relieving Appellants' uncertainty as to whom to send their mortgage payments.

4

Such relief "appear[s] to be intangible, speculative, and lack[s] the capability of being translated into monetary value." *Jackson v. Am. Bar Ass'n*, 538 F.2d 829, 831 (9th Cir. 1976) (per curiam) (citations omitted). Even if Appellants' subjective relief could be translated into monetary value, Appellants have not even attempted to provide monetary estimates. The district court properly dismissed these complaints for lack of subject matter jurisdiction.

**AFFIRMED.**